**O**

# United States District Court
# Central District of California

BASF CORPORATION,

               Plaintiff,

    v.

ENS, INC. et al.,

               Defendants.

Case № 2:22-cv-00577-ODW (GJSx)

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [23]**

## I.    INTRODUCTION

Plaintiff BASF Corporation sued Defendants ENS, Inc. d/b/a Steve's Pro Auto Body and Steve Yi, for breach of a requirements contract.  (Compl., ECF No. 1.)  BASF now moves for default judgment.  (Mot. Default J. ("Motion" or "Mot."), ECF No. 23.)  For the reasons discussed below, the Court **GRANTS** BASF's Motion in part and awards $55,555.87.[1]

## II.    BACKGROUND

BASF sells products for reconditioning and refinishing vehicles.  (Compl. ¶ 4.)  Steve Yi was the owner of Steve's Pro Auto Body, a body shop that was in the business of refinishing vehicles.  (*Id.* ¶¶ 5–6.)

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

On or about February 21, 2019, Steve's Pro Auto Body entered into a contract with BASF, pursuant to which Steve's Pro Auto Body agreed to purchase 100% of its requirements for refinishing products from BASF, up to a minimum purchase requirement of $322,000. (*Id.* ¶¶ 10–11, Ex. A ("Agreement"), ECF No. 1-1.) BASF paid Steve's Pro Auto Body $50,000 in consideration of Steve's Pro Auto Body fulfilling its obligations under the Agreement ("Consideration"). (Compl. ¶ 12.) Additionally, BASF agreed to provide Steve's Pro Auto Body with equipment for use with the refinishing products ("Equipment"), with the provision that the Equipment would be returned in the event that Steve's Pro Auto Body did not perform under the Agreement. (*Id.* ¶¶ 14–16.) BASF and Steve's Pro Auto Body also agreed that, if Steve's Pro Auto Body terminated the Agreement for any reason prior to purchasing one-fifth of the minimum required purchases, Steve's Pro Auto Body would be obligated to refund 110% of BASF's $50,000 Consideration. (*Id.* ¶ 13; Agreement ¶ 6 ("Remedy Schedule").) Yi also signed the Agreement with a personal guarantee that Steve's Pro Auto Body would perform under the Agreement. (Compl. ¶ 18; Agreement ¶ 15.)

In or about July 2019, Steve's Pro Auto Body ceased business operations and accordingly failed to purchase the minimum $322,000 of product from BASF. (Compl. ¶¶ 19–21.) Steve's Pro Auto Body had purchased only $24,500.02 worth of product from BASF, leaving a purchase balance of $297,499.98. (*Id.* ¶ 21.) Because Steve's Pro Auto Body had purchased less than one-fifth of the minimum requirement, under the Remedy Schedule, it was then obligated to refund 110% of BASF's Consideration, for a total of $55,000. (*Id.* ¶ 22.) However, Steve's Pro Auto Body failed to pay the purchase balance, pay the refund, or return the Equipment (or its current value of $26,187.05). (*Id.* ¶¶ 19–27.) Yi also failed to abide by his obligations as guarantor of Steve's Pro Auto Body's performance. (*Id.* ¶ 23.)

On January 26, 2022, BASF filed this action against Steve's Pro Auto Body and Yi, asserting causes of action for: (1) breach of contract against Steve's Pro Auto Body;

(2) breach of contract against Yi individually; (3) unjust enrichment; and (4) declaratory relief. (*Id.* ¶¶ 28–53.) Defendants failed to timely respond to the Complaint and the Clerk entered default against them on BASF's request. (Appls. Default, ECF Nos. 12, 20; Defaults, ECF Nos. 13, 21.) BASF now moves for default judgment against Defendants, seeking the $55,000 Consideration refund under the Remedy Schedule; return of the Equipment or its current value; $297,499.98 in expectation damages; and $555.87 in litigation costs. (Mot. 10.)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rule 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002) ("[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.").

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true" except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The court need not make detailed findings of fact in the event of default, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

## IV.   DISCUSSION

The Court finds that BASF (A) satisfies the procedural requirements for default judgment, (B) establishes that entry of default judgment is appropriate on its breach of contract claims, and (C) proves a portion of its requested damages.

## A.     Procedural Requirements

Local Rule 55-1 requires that the movant establish: (1) when and against which party default was entered; (2) the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2).   C.D. Cal. L.R. 55-1. Rule 55(b)(2) requires written notice on the defaulting party, if "the party against whom a default judgment is sought has appeared personally or by a representative."  Fed. R. Civ. P. 55(b)(2).

Here, BASF satisfies the procedural requirements.  BASF establishes that the Clerk entered default with respect to the Complaint against Yi and Steve's Pro Auto Body.   (*See* Decl. Bobbie R. Bailey ("Bailey Decl.") ¶¶ 4–7, ECF No. 23-1.) Additionally, BASF establishes that neither Defendant is legally incompetent or in military service. (*Id.* ¶¶ 8–9.)  Finally, although not required, BASF served Defendants with notice and a copy of the Motion. (*Id.* ¶ 10.)  Accordingly, the Court has discretion to enter default judgment.

## B.     *Eitel* Factors

In considering whether entry of default judgment is warranted, courts consider several factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake; (5) the possibility of a material factual dispute; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the favoring decisions on the merits (the "*Eitel* factors").   *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

BASF would suffer prejudice absent entry of default judgment because it would have no recourse to recover the relatively substantial sum it alleges Defendants owe. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010).  The first and fourth factors therefore weigh in favor of a default judgment.  There

is no indication that any facts are in dispute and nothing in the record suggests Defendants' default is due to excusable neglect.  Thus, the Court cannot find that the fifth and sixth factors weigh against a default judgment.  The seventh factor always weighs in a defaulting defendant's favor, but Defendants' failure to appear and defend in this action prevents the Court from reaching a decision on the merits.  *See PepsiCo*, 238 F. Supp. 2d at 1177.  That leaves only the second and third factors for consideration.

The second and third *Eitel* factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *Id.* at 1175 (alteration in original).  Although well-pleaded allegations are taken as true, "claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). To weigh these two factors, the Court considers each cause of action BASF asserts.

### 1.   Governing Law

The Agreement contains a choice-of-law provision indicating that Michigan law governs claims arising from the contract.  (Compl. ¶ 9; Agreement ¶ 9.)  Accordingly, before addressing the merits and sufficiency of BASF's claims, the Court considers what law governs this dispute.

"A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2011).  California courts will enforce the chosen state's law where (1) "the chosen state has a substantial relationship to the parties or their transaction," or (2) "there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Ct.*, 3 Cal. 4th 459, 466 (1992).  A "substantial relationship" exists if a party is domiciled in the choice of law state, and a "reasonable basis" for enforcing a contract's choice of law provision exists when at least one party resides in the state.  *Id.* at 467.

Here, neither BASF nor Defendants are domiciled in Michigan and BASF raises no other substantial relationship to that state.  (*See* Compl. ¶ 7 (alleging that BASF is a citizen of Delaware and New Jersey, and Defendants are citizens of California).

5

Furthermore, the record does not indicate that the parties negotiated the Agreement in Michigan.  To the contrary, BASF alleges that "a substantial part of the events giving rise to this claim occurred in California."  (*Id.*)  Accordingly, since BASF does not establish either a substantial relationship to or reasonable basis for applying Michigan law, the Court finds California law governs here.[2]

    2.    *Breach of Contract*

BASF brings a cause of action for breach of contract against Steve's Pro Auto Body, (*id.* ¶¶ 28–35), and against Yi, (*id.* ¶¶ 36–41).  A cause of action for a breach of contract requires the existence of a valid contract, the plaintiff's performance or excuse for nonperformance, defendant's breach, and resulting damages to the plaintiff.  *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  A valid contract exists if the parties to the contract are capable of contracting, both parties consent to the contract's terms, a lawful object is present, and sufficient consideration exists.  *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999).

Accepting BASF's well-pleaded factual allegations as true, BASF establishes that Defendants breached a valid contract.  BASF and Steve's Pro Auto Body are both corporations capable of contracting; both consented to the sale and purchase of refinish products; and BASF provided $50,000.00 in consideration of Defendants' promise to purchase a minimum of products and of Yi's guarantee.  (Compl. ¶¶ 1–2, 10–12.)  Additionally, Yi is an adult capable of contracting and consented to personally guarantee Steve's Pro Auto Body's performance.  (*Id.* ¶ 3, 6, 18.)  Thus, BASF has adequately alleged the existence of a valid contract.  BASF also sufficiently alleges that Defendants breached their obligations under the Agreement.  BASF "fulfilled its obligations" by paying the promised consideration and supplying the purchased products and Equipment, "and remains ready, willing, and able to perform" under the

---

[2] The Court's independent review of the record reveals that the Agreement lists a Michigan address for BASF.  However, BASF does not mention or explain this address in its Complaint or moving papers.  Thus, BASF does not demonstrate that the mere listing of this Michigan address supports a substantial relationship or reasonable basis for applying Michigan law.

Agreement, (*id.* ¶ 25); Defendants breached the Agreement, including Yi's personal guarantee, by failing to purchase enough refinishing products to meet the minimum requirement, refund the Consideration pursuant to the Remedy Schedule, and return the Equipment, (*id.* ¶¶ 19–24); and BASF suffered monetary damages as a result, (*id.* ¶¶ 33, 39).

Accordingly, BASF sufficiently pleads its breach of contract causes of action against Defendants.

### 3.    Unjust Enrichment

BASF also brings a cause of action for unjust enrichment against both Defendants. (*See id.* ¶¶ 42–49.)  California law does not permit a standalone cause of action for unjust enrichment where an enforceable written contract governs the same subject matter.  *See Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  Thus, BASF cannot prevail on a separate cause of action for unjust enrichment here because the Agreement governs the same subject matter.  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract.").  Accordingly, BASF's unjust enrichment claim fails as a matter of law.

### 4.    Declaratory Relief

BASF asserts a final cause of action against Defendants for declaratory relief, seeking a "judicial declaration of BASF's and Defendants' respective rights under the" Agreement. (Compl. ¶¶ 50–53.)

Under California law, "a court may refuse [to grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." Cal. Civ. Proc. Code § 1061.  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  Here, BASF fails to demonstrate that declaratory relief will serve any

7

useful purpose or settle unresolved legal issues. The requested judicial declaration is duplicative of BASF's breach of contract claim, which will afford BASF full relief, and therefore declaratory relief is inappropriate. *See United Safeguard Distribs. Ass'n, Inc. v. Safeguard Bus. Sys., Inc.*, 145 F. Supp. 3d 932, 961 (C.D. Cal. 2015) (dismissing declaratory relief claim where it was "nothing more than a duplication of [plaintiffs'] breach of contract claim"). For these reasons, BASF's declaratory relief claim also fails.

In sum regarding the second and third *Eitel* factors, BASF sufficiently pleads its causes of action for breach of contract against both Defendants, and these factors weigh in favor of a default judgment. Accordingly, the Court finds that, on balance, the *Eitel* factors favor entry of default judgment on BASF's breach of contract claims.

## C.   Relief

Having determined that entry of default judgment is warranted, the Court now considers BASF's requested relief. As the Court does not take BASF's factual allegations respecting damages as true, BASF must offer proof of the damages sought. *See TeleVideo*, 826 F.2d at 917–18. BASF seeks $297,499.98 in expectation damages, $55,000 in liquidated damages under the Remedy Schedule, $26,187.05 for the Equipment or its return, and $555.87 in litigation costs. (*See* Mot. 10; Compl. ¶¶ 33, 39.)

### 1.   Expectation Damages

An award of contract damages is meant to compensate the aggrieved party "for the loss of his 'expectational interest'—the benefit of his bargain which full performance would have brought." *Runyan v. Pac. Air Indus., Inc.*, 2 Cal. 3d 304, 316 n.15 (1970). "The goal is to put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) (internal quotation marks omitted). However, "[d]amages must, in all cases, be reasonable, and where an obligation of any kind appears to create a right to unconscionable and grossly

1    oppressive damages, contrary to substantial justice, no more than reasonable damages
2    can be recovered."  Cal. Civ. Code § 3359.

3        Here, BASF fails to support its request for expectation damages in the amount of
4    $297,499.98.  (*See* Mot. 9, 10.)  The measure of damages here is not the full remaining
5    requirements minimum, as BASF requests, but instead the profit BASF would have
6    made had Defendants fulfilled the Agreement and purchased the requirements amount.
7    BASF does not offer any evidence or calculation method for determining this figure,
8    and fails to explain how awarding BASF $297,499.98 would not amount to a windfall,
9    in that BASF would then possess both (1) compensation for the products not actually
10   sold to Defendants, as well as (2) the retained products, which BASF may now sell to
11   another buyer.  Further, the parties addressed the proper compensation in the event of a
12   breach in the Consideration Remedy Schedule, which is addressed below.

13       In light of the foregoing, the Court finds that awarding BASF $297,499.98 is
14   unsupported, unreasonable, and would be "oppressive" and "contrary to substantial
15   justice."  Cal. Civ. Code § 3359.  Accordingly, the Court **DENIES** BASF's request for
16   $297,499.98.

17       *2.   Liquidated Damages*

18       Although BASF does not explicitly request "liquidated damages," its demand for
19   damages pursuant to the Remedy Schedule qualifies as such.

20       "Liquidated damages constitute a sum which a contracting party agrees to pay or
21   a deposit which he agrees to forfeit for breach of some contractual obligation."  *ABI,*
22   *Inc. v. City of Los Angeles*, 153 Cal. App. 3d 669, 685 (2011).  Here, the sums listed in
23   the Remedy Schedule are liquidated damages to be paid based on different degrees of
24   breach.  (*See* Agreement ¶ 6.)  If the amount of liquidated damages is disproportionate
25   to the actual damages anticipated, then the provision is considered a penalty and
26   unenforceable.  *Howard v. Babcock*, 6 Cal. 4th 409, 425 (1993).  "Whether an amount
27   to be paid upon breach is to be treated as liquidated damages or as an unenforceable
28

penalty is a question of law" to be decided by the court. *Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 794 (2003).

Under the Agreement, if Defendants breached the contract and purchased less than one-fifth of the minimum purchase requirement, Defendants must refund 110% of BASF's $50,000 Consideration, or the amount of $55,000. (Agreement ¶ 6.) Here, Defendants fulfilled less than one-fifth of the minimum purchase requirement, and therefore BASF may recover $55,000 as liquidated damages, provided the Remedy Schedule does not constitute a penalty. The Remedy Schedule sets forth decreasing percentages of refund in the event that Defendants fulfilled a greater portion of the minimum purchase requirement. (*Id.*) Thus, the total refund amount is reasonably proportionate to anticipated actual damages and directly linked to the circumstances of any breach. Accordingly, the Court concludes the Remedy Schedule is not disproportionate to the actual damages anticipated and should not be viewed as a penalty. *See, e.g.*, *BASF Corp. v. SSM Auto. Grp., Inc.*, No. 5:21-cv-01191-MEMF (SHKx), 2022 WL 2288427, at *6 (C.D. Cal. May 17, 2022) (finding that similar liquidated damages provision was "not disproportionate and should not be viewed as a penalty"). Accordingly, the Court **AWARDS** BASF $55,000 in liquidated damages.

3.   *Equipment*

BASF also seeks to recover the value of the Equipment or return of the Equipment itself. (Compl. ¶¶ 32–33.c., 38–39.c.; Mot. 9, 10.) In the event of a breach, the Agreement obligates Defendants to "return the Equipment . . . or repay [its] retail value" to BASF. (Agreement ¶ 6.)

First, an order requiring Defendants to return the Equipment would amount to specific performance or a mandatory injunction. Specific performance is an equitable remedy that "orders a party to render the performance that he promised" under the contract. Restatement (Second) of Contracts § 357; *see also Petrolink, Inc. v. Lantel Enters.*, 81 Cal. App. 5th 156, 170 n.11 (2022) ("An award of specific performance is, essentially, an affirmative injunction."). To obtain specific performance after a breach

of contract, a plaintiff must generally establish that the contract is "just and reasonable," the "consideration adequate," and the available legal remedy insufficient. *See Petersen v. Hartell*, 40 Cal. 3d 102, 110 (1985); *Real Est. Analytics, LLC v. Vallas*, 160 Cal. App. 4th 463, 472 (2008) (specifying five elements a plaintiff must establish to obtain specific performance). BASF does not address these requirements with respect to its requested relief. (*See generally* Mot.) Accordingly, BASF fails to establish that an award of specific performance, the return of the Equipment, is justified.

Next, BASF alleges the "current value" of the Equipment is $26,187.05. (Compl. ¶ 17.) As support for this allegation, BASF provides the conclusory declaration testimony of its Western Zone Business Manager, Timothy Brown, that the "current value of the Equipment is $26,187.05." (Decl. Timothy Brown ISO Mot. ¶ 7, ECF No. 23-7.) However, other than these threadbare conclusions, BASF offers nothing to support this "current value" figure. (*See generally* Compl.; Mot.) BASF's conclusory allegations are insufficient and fail to establish the damages sought. *See TeleVideo*, 826 F.2d at 917–18; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) ("[I]f the facts necessary to determine damages are . . . legally insufficient, they will not be established by default." (citing *Cripps*, 980 F.2d at 1267)).

Therefore, the Court **DENIES** BASF's request for the Equipment or $26,187.05.

### 4. Costs

Finally, BASF seeks litigation costs comprising $400.02 in filing fees and $155.85 for service of process. (Mot. 10; Bailey Decl. ¶ 11.) These costs are recoverable under Local Rule 54-1 and Rule 54(d). Accordingly, the Court **AWARDS** BASF $555.87 in costs.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** BASF's Motion for Default Judgment on BASF's breach of contract claims against Steve's Pro Auto Body and Yi.  (ECF No. 23.)  The Court **DENIES** the Motion as to BASF's unjust enrichment and declaratory relief claims, which are dismissed with prejudice.   The Court **AWARDS** BASF $55,000 and $555.87 in costs, for a total of $55,555.87.   All other relief is **DENIED**.   The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

November 16, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**